

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION**

| | | |
|---|---|---|
| IN RE: | § | |
| **MULTIWORTH PARTNERSHIP, LTD.,** | § | **Case No. 10-70229** |
| Debtor(s). | § | |
| | § | **Chapter 11** |
| | § | |
| **MIRIAM VARGAS,** | § | |
| Plaintiff(s) | § | |
| | § | |
| VS. | § | **Adversary No. 10-07009** |
| | § | |
| **TAEK KIM,** *et al*, | § | |
| Defendant(s). | § | **Judge Isgur** |

**MEMORANDUM OPINION**

Miguel Vargas, Intervenor, moved for the disqualification of Antonio Villeda, the attorney for all the defendants in this adversary proceeding, because of an alleged conflict of interest among the defendants. (Doc. No. 105.) The Court finds that any conflict of interest that may have arisen from Villeda's representation of multiple defendants has been cured by Villeda's withdrawal of the Defendant's Motion to Compel Arbitration. The Intervenor's Motion to Disqualify is therefore denied.

**Jurisdiction**

The Court has jurisdiction over this matter under 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**Background**

This adversary case began as a state court action. Plaintiff Miriam Vargas sued Taek Kim and Nancy Vargas, along with the entities Multiworth Partnership, Ltd., Triworld International Investments, Inc., Alamo Flea Market Partners, Ltd., Alamo Flea Market, LLC, Alamo Dance Hall, Inc., and the Valley's Marketplace, LLC ("Multiworth Entities") in the

1 / 6

district court in Hidalgo County, in Case No. C-211-10-I, on January 22, 2010.  (Doc. No. 1-1.)

Miriam Vargas alleged that Taek Kim and Nancy Vargas had breached their fiduciary duties to

Miriam as an alleged co-owner of the Alamo Flea Market.  Miriam Vargas sought an accounting

of the profits and losses of the businesses, recovery of monetary damages, the imposition of a

constructive trust over all assets held by Defendants, disgorgement of improperly gained money,

profits, or properties, the appointment of a receiver, and any additional equitable remedies.  *Id.*

Defendants, all represented by Antonio Villeda, filed a general denial on February 24, 2010.

Miriam Vargas's brother, Miguel Vargas, joined the suit as an Intervenor on March 5, 2010.

On March 30, 2010, Multiworth Partnership, Ltd. filed a chapter 11 voluntary petition

with this Court.  The defendants in the state court action filed a Notice of Removal to the Court

on the same day.  On April 18, 2010, Defendants Taek Kim and Nancy Vargas, through their

attorney Kelly McKinnis, filed a cross claim for indemnification against the Multiworth Entities.

Miguel Vargas, Intervenor, filed a Motion to Disqualify Villeda, Defendants' counsel, on

June 10, 2010.  (Doc. No. 105.)  Miguel alleged that, because Taek Kim and Nancy Vargas were

opposing parties to the Multiworth Entities in the cross claim for indemnification, Villeda could

not represent both parties in the adversary proceeding.  Miriam Vargas joined in support of

Miguel's Motion to Disqualify.  (Doc. No. 139.)  A hearing was held on the Motion to

Disqualify on June 22, 2010.  No evidence was introduced at the hearing.  Accordingly, to the

extent the motion was based on any disputed factual issues, the movant failed to sustain his

burden of proof.

In his motion and briefs, Miguel Vargas argued that Villeda's representation of both the

Multiworth Entities and the individual defendants created a conflict of interest.  According to

Vargas, Texas Rule of Disciplinary Procedure 1.06(a), which forbids an attorney to represent

opposing parties to the same litigation, absolutely prohibited Villeda's representation.  Vargas'

Motion to Disqualify cited three pieces of evidence of a conflict:  first, the Defendants' Motion

to Compel Arbitration, filed by their attorney Antonio Villeda; second, Taek Kim and Nancy

Vargas' cross claim against the Multiworth Entities, filed by their attorney Kelly McKinnis; and

third, the Defendants' assertion in a brief, filed by Villeda in opposition to Miguel Vargas'

Motion to Remand, that Taek Kim and Nancy Vargas' cross claim constitutes a core proceeding.

In opposition to the Motion to Disqualify, the Defendants argued that an actual conflict

did not exist, because Taek Kim and Nancy Vargas' cross claim was merely for indemnity and

contribution and was analogous to an "intercompany claim," allowed under *In re Global Marine*,

108 B.R. 998, 1004 (Bankr. S.D. Tex. 1987).  (Doc. No. 127.)  Defendants also argued that if

there ever had been a conflict, it had been purged by McKinnis' representation of Taek Kim and

Nancy Vargas in their cross claim against the Multiworth Entities.  They further argued that even

if a conflict existed, disqualification was not warranted.  *Id.*

### Analysis

Under the Texas Rules of Disciplinary Procedure, a lawyer is not allowed to represent

opposing parties to the same litigation.  TEX. R. DISCIPLINARY P. 1.06(a).  A lawyer is also

prohibited from representing a person if the lawyer's representation involves a substantially

related matter in which that person's interests are materially and directly adverse to another

client, or reasonably appears to be or become adversely limited by the lawyers or law firm's

responsibilities to another client or a third person.   TEX. R. DISCIPLINARY P. 1.06(b).  With the

second type of conflict, if the lawyer reasonably believes that his representation of each client

will not be materially affected, the clients can consent to the representation.   TEX. R.

DISCIPLINARY P. 1.06(c).

3 / 6

The first type of conflict was never present in this case.  Because the Multiworth Entities, in their cross-claim against Taek Kim and Nancy Vargas, are being represented by Kelly McKinnis, who is unaffiliated with Villeda, Villeda's representation of the defendants in the main part of the adversary proceeding never violated Rule 1.06(a).  The Multiworth Entities are not opposing parties to Kim and Nancy Vargas in the litigation in which they are represented by Villeda.

The movant may be relying on an unjustified interpretation of Rule 1.06(a)—that merely because the movants were in conflict, one attorney could not represent them both.  Rule 1.06(a) only applies if the attorney is representing the conflicting parties *with respect to the conflict.* Villeda's representation of the conflicting parties does not concern the matter over which they have a conflict—he jointly represents them in a matter over which they are in agreement as to their defenses and over which they have no conflicting interests.

However, in the course of his representation, Villeda made allegations in his Motion to Compel Arbitration that were in opposition to the interests of one of his clients.  As set forth in more detail below, Villeda alleged on behalf of the individuals whom he represents that they were entitled to indemnity from the corporations, whom he also represents.  The indemnity claim is one in which a conflict arises.  The Motion to Compel Arbitration has now been withdrawn.

If Villeda had continued to pursue the Motion to Compel Arbitration, his representation of all the defendants would have given rise to conflicting duties among the clients.  As the Intervenor notes in his Motion to Disqualify, Villeda's Motion to Compel Arbitration (Doc. No. 6) argues that claims against the Taek Kim and Nancy Vargas are subject to arbitration provisions.  The Motion states that although only two of the Multiworth Entities have arbitration provisions in their partnership or LLC agreements, and the arbitration provisions do not apply to

4 / 6

Taek Kim and Nancy Vargas as individuals, "the evidence will show all conduct of the individual Defendants was done as officers or agents of the Defendant entities. As such the individual Defendants may have indemnification cross-claim [sic] against the Defendant entities which would be covered by the applicable arbitration provisions." (Doc. No. 6, at 2.)

Villeda's argument for the applicability of the arbitration clause to claims against individual Defendants subjected him to conflicting duties. To further his representation of Taek Kim and Nancy Vargas in the Motion to Compel Arbitration, Villeda was obligated to argue that they acted as officers or agents of the Multiworth Entities. But the argument that they acted as officers or agents bears upon Kim and Vargas' cross claim for indemnification against the Multiworth Entities and would thus be adverse to the Multiworth Entities' interests.

The conflict can be—and has now been— cured. A conflict of interest with regard to one issue in a case does not necessarily require an attorney to be immediately disqualified. *See Minnesota Chippewa Tribe v. United States*, 1993 WL 68052, at \*3 (Fed. Cir. Mar. 12, 1993) (holding that even though certain issues in the case could create a conflict of interest, disqualification was premature because those issues would not come before the court until after the adjudication of another issue on which there was no conflict). When the issue giving rise to the conflict ceases to be part of a proceeding, the conflict is mooted. *See Brown v. Local 241 Amalgamated Transit Union*, 1999 WL 239364, at \*1 (7th Cir. Apr. 22, 1999) (holding a motion to disqualify moot where the court had properly dismissed the case); *CS Stars LLC v. First Allmerica Fin. Life Ins. Co.*, 522 F. Supp. 2d 1018, 1020 (N.D. Ill. 2007) (denying plaintiff's motion to disqualify counsel as moot because all the plaintiff's claims had been dismissed); *P&H Clinton P'ship v. Township of Clinton*, 2005 WL 4030211 (N.J. Super. Ct. App. Div. May 25, 2006) (concluding that an alleged conflict of interest between the plaintiff and the intervenor,

5 / 6

who had earlier been represented by the same attorney, was moot based on the court's holding that the plaintiff was not entitled to injunctive relief that would affect the intervenor); *Pearl v. East 92nd St. Corp.*, 548 N.Y.S.2d 25 (N.Y. App. Div. 1989) (holding the issue of conflict of interest moot where co-party defendant clients had been removed as parties).  If a court's action in eliminating the issues creating a conflict renders the conflict moot, then an attorney's own action to eliminate the issue creating the conflict may also be effective to cure the conflict.

Here, Villeda cured the conflict by withdrawing the Motion to Compel Arbitration.  (Doc. No. 122.)  Because the Motion to Compel Arbitration is no longer before the Court, Villeda is now under no duty to either client to take a position on whether Kim and Vargas acted as officers or agents of the Multiworth Entities.  The conflict is moot.

### Conclusion

For the reasons set forth above, the Court will issue a separate order denying the Intervenor's Motion to Disqualify.

SIGNED **July 8, 2010.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE

6 / 6